UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CAMERON WEBMAN,

    Plaintiff,

v.                                      **Class Action**

TRANSPORT FINANCIAL SERVICES, LLC,
a Florida Limited Liability Company,

    Defendants.
_____/

**COMPLAINT**
and
**JURY DEMAND**

This is a class action lawsuit alleging that the Defendant, Transport Financial Services, LLC ("Defendant"), violated the Telephone Consumer Protection Act and implementing regulations by using an automatic telephone dialing system ("ATDS") when it sent Plaintiff and the putative class members text message advertisements without obtaining Prior Express Written Consent. By sending text message advertisements to Plaintiff and the putative class members without their Prior Express Written Consent, Defendant invaded the privacy rights and right to seclusion of Plaintiff and the putative class members. Plaintiff, Cameron Webman, on behalf of a class of persons similarly situated, seeks statutory damages for each violation.

**PRELIMINARY STATEMENT**

1.    The Telephone Consumer Protection Act, as amended, 47 U.S.C. § 227 ("TCPA"), is a consumer protection statute that confers on plaintiffs the right to be free from certain harassing and privacy-invading conduct, including, but not limited to, sending

1

text messages using an ATDS and authorizes an award of damages whenever a violation occurs. The TCPA provides a private right of action and statutory damages for each violation. Congress and the Federal Communications Commission ("FCC") created the TCPA and its implementing regulations in response to immense public outcry about unwanted text messages and robocalls.

2. Plaintiff, Cameron Webman, individually and on behalf of all others similarly situated, sues the Defendant for its actions that violate the TCPA and invaded their right to privacy and seclusion, which it benefited from, and which arise from text message advertisements sent to Plaintiff and the putative class members in order to advertise the commercial availability or quality of Defendant's products and services ("Transport Financial Services Text Messages").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 47 U.S.C. § 227(b)(3), 47 U.S.C. § 227(c)(5), and 28 U.S.C. § 1331.

4. Defendant sent the Transport Financial Services Text Message to Plaintiff's cell phone that has a Miami-Dade area code (305), while Plaintiff was in Miami, Florida, and Defendant's principal place of business is in Florida. As such, this Court has personal jurisdiction over Defendant and venue is appropriate in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, Cameron Webman resides in this District and owns and maintains the cell phone that was sent one or more Transport Financial Services Text Messages.

6.     Defendant, Transport Financial Services, LLC, is a Florida Limited Liability Company that is engaged in the business of transport financial services.

## GENERAL ALLEGATIONS

7.     On September 7, 2018, Plaintiff was sent a Transport Financial Services Text Message.



8.     Upon information and belief, Defendant or a third party on Defendant's behalf used an ATDS to send the Transport Financial Services Text Messages to Plaintiff and other persons and entities.

9. Upon information and belief, the ATDS used to send the Transport Financial Services Text Messages has the present capacity to store lists of numbers and send text messages to those numbers automatically.

10. Upon information and belief, the ATDS used to send the Transport Financial Services Text Messages has the present capacity to dial and store random and sequential numbers and it can send text messages without human intervention.

11. Pursuant to the TCPA and its implementing regulations, 47 C.F.R. 64.1200, text messages that constitute advertising or telemarketing that are sent with the use of an ATDS may not be sent to persons or entities without obtaining Prior Express Written Consent.

12. However, Defendant, or a third party on Defendant's behalf, sent the Social Agent Text Messages despite not obtaining Plaintiff's Prior Express Written Consent.

13. Pursuant to the TCPA and its implementing regulations, 47 C.F.R. 64.1200(f)(8), text messages that are telemarketing or advertisements may not be sent to persons or entities without obtaining Prior Express Written Consent of the recipient. The requisite consent is not effectuated without first obtaining a written agreement signed by the person or entity being texted that states: "By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice."

14. Defendant sent the Social Agent Text Messages without obtaining Plaintiff's or the other recipients' Prior Express Written Consent to send text messages using an ATDS, and without obtaining the signature of Plaintiff or the other recipients on a written agreement that states: "By executing the agreement, such person authorizes the

seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice."

15. These actions violate the TCPA and are an invasion of privacy and right to seclusion.

16. By sending the Transport Financial Services Text Messages, Defendant harmed Plaintiff and the members of the putative class by: (1) invading their privacy and right to seclusion; (2) wasting their time; (3) causing the risk of personal injury due to interruption and distraction; (4) forcing them to incur charges; (5) depleting a cell phone's or wireless phone's battery, resulting in increased electricity costs; (6) intrusion upon and occupation of the capacity of a cell phone or wireless phone; and (7) causing the risk of personal injury due to interruption and distraction.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action as a class action, pursuant to Rule 23(a) and 23(b)(3), Federal Rules of Civil Procedure, for statutory damages on behalf of herself and a class of all persons similarly situated.

18. Plaintiff brings this class action pursuant to the TCPA, and is a member of, and seeks to represent, a class of persons and entities ("Plaintiff Class") defined as:

> "All persons and entities whose telephone numbers were sent Transport Financial Services Text Messages by Defendant, or others on its behalf, on or after July 11, 2015, where Defendant sent the Transport Financial Services Text Messages using an ATDS to (i) advertise the commercial availability or quality of any property, goods, or services; or encourage the purchase or rental of property, goods, or services; (ii) where such persons' and entities' telephone numbers were assigned to a cellular phone service; and (iii) where Defendant failed to obtain Prior Express Written Consent from those persons and entities to send text messages using an ATDS."

19. <u>Class Size (Fed. R. Civ. P. 23(a)(1))</u>: Plaintiff avers that the proposed class is in excess of 50 persons. The class size is so numerous that joinder of all members is impracticable.

20. <u>Commonality (Fed. R. Civ. P. 23(a)(2))</u>: There are questions of law and fact common to all members of the class. Common material questions of fact and law include, but are not limited to, the following:

   a. whether Defendant (or another on its behalf) used an ATDS to send the Transport Financial Services Text Messages to Plaintiff and other members of the class;

   b. whether the Transport Financial Services Text Messages constitute Advertisements;

   c. whether the Transport Financial Services Text Messages constitute Telemarking;

   d. whether Defendant violated the Telephone Consumer Protection Act and its implementing regulations by using (or having another on its behalf use) an ATDS to send Transport Financial Services Text Messages to Plaintiff and the class members without obtaining Prior Express Written Consent;

   e. whether Plaintiff and the other members of the class are entitled to statutory damages; and

   f. whether Plaintiff and the other members of the class are entitled to treble damages.

21. <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>: The claims of the named Plaintiff are typical of the claims of all members of the class. Plaintiff alleges that Defendant sent the

same Transport Financial Services Text Messages to Plaintiff and the other class members. Plaintiff raises questions of fact and law common to the class members. They share the common injuries of: (1) invading their privacy and right to seclusion; (2) wasting their time; (3) causing the risk of personal injury due to interruption and distraction; (4) forcing them to incur charges; (5) depleting a cell phone's or wireless phone's battery, resulting in increased electricity costs; (6) intrusion upon and occupation of the capacity of a cell phone or wireless phone; and (7) causing the risk of personal injury due to interruption and distraction. Defendant has acted the same or in a similar manner with respect to each class member.

22. <u>Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4))</u>: The named Plaintiff will fairly and adequately represent and protect the interests of the class members. Plaintiff is committed to this cause, will litigate it vigorously, and is aware of the fiduciary duties of a class representative. Plaintiff's interests are consistent with and not antagonistic to the interests of the other class members. Plaintiff has a strong personal interest in the outcome of this action and has retained experienced class counsel to represent his and the other class members.

23. Class Counsel is experienced in class action litigation and has successfully litigated class claims.

24. <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>: A class action is superior to all other available methods for the fair and equitable adjudication of the controversy between the parties. Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a. proof of Plaintiff's claims will also prove the claims of the class members without the need for separate or individualized proceedings;

b. evidence regarding defenses or any exceptions to liability that Defendant may assert and prove will come from Defendant's records (or that of its agents who sent the Transport Financial Services Text Messages) and will not require individualized or separate inquiries or proceedings;

c. Defendant has acted and may be continuing to act pursuant to common policies or practices by sending the Transport Financial Services Text Messages to Plaintiff and the class members;

d. the amount likely to be recovered by individual class members does not support individual litigation;

e. a class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

f. this case is inherently manageable as a class action in that:

  i. Defendant or its agent(s) identified the persons or entities to send the Transport Financial Services Text Messages to and it is believed that Defendant's computer and business records, or those of its agents, will enable the Plaintiff to readily identify class members and establish liability and damages;

  ii. liability and damages can be established for the Plaintiff and for the class members with the same common proofs;

    iii.    statutory damages for violations of the TCPA are the same for each class member;

    iv.    a class action will result in an orderly and expeditious administration of claims and will foster economics of time, effort and expense;

    v.    a class action will contribute to uniformity of decisions concerning Defendant's practices; and

    vi.    as a practical matter, the claims of the class members are likely to go unaddressed absent class certification.

## Count 1
## Claim for Relief for Violations of the TCPA

25. Plaintiff reasserts and incorporates herein by reference the averments set forth in paragraphs 1 through 24, above.

26. Plaintiff brings this action against the Defendant for sending Transport Financial Services Text Messages to herself and to members of the Plaintiff Class in violation of the TCPA and its implementing regulations.

27. Defendant violated the TCPA and implementing regulations 47 C.F.R. § 64.1200(a), by initiating or authorizing the sending of the Transport Financial Services Text Messages to the phone numbers of Plaintiff and the members of the Plaintiff Class without receiving Prior Express Written Consent.

28. The named Plaintiff and members of the Plaintiff Class are entitled to $1,500 for each violation of each of the Transport Financial Services Text Messages that violated 47 C.F.R. § 64.1200(a) and $1,500 for each of the Transport Financial Services Text Messages that violated 47 C.F.R. § 64.1200(c), that was sent to them willfully or knowingly.

29. In the alternative, the named Plaintiff and members of the Plaintiff Class are entitled to $500 for each violation of each of the Transport Financial Services Text Messages that violated 47 C.F.R. § 64.1200(a) and $500 for each of the Transport Financial Services Text Messages that violated 47 C.F.R. § 64.1200(c), that was negligently sent to them.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant and requests an order:

A. certifying this action as a class action pursuant to Rule 23, appointing Plaintiff Cameron Webman as the representative of the members of the class defined above, and appointing the undersigned as counsel for the members of the class;

B. finding that Defendant caused the Transport Financial Services Text Messages to be sent to Plaintiff and to each class member in violation of the TCPA and its implementing regulations;

C. finding that Defendant is liable to pay statutory damages of $1,500 for each of the Transport Financial Services Text Messages that violated 47 C.F.R. § 64.1200(a) and $1,500 for each of the Transport Financial Services Text Messages that violated 47 C.F.R. § 64.1200(c) that was knowingly and willfully sent to Plaintiff and each class member;

D. finding that, in the alternative, Defendant is liable to pay statutory damages of $500 for each of the Transport Financial Services Text Messages that violated 47 C.F.R. § 64.1200(a) and $500 for each of the Transport

   Financial Services Text Messages that violated 47 C.F.R. § 64.1200(c) that was negligently sent to Plaintiff and to each class member;

E. entering a judgment in favor of the Plaintiff as representative of the members of the class for the total amount of statutory penalties plus pre-judgment interest and allowable costs;

F. requiring Defendant to pay a court appointed trustee the full amount of the penalties, interest and costs to be distributed to the class members after deducting costs and fees as determined by the Court;

G. awarding equitable reasonable attorneys' fees and costs incurred in connection in this action and an incentive bonus to Plaintiff, to be deducted from the total amount of penalties, interest and costs before the pro-rata amounts are distributed by the trustee for the class members; and

H. granting such other relief as may be appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues that can be heard by a jury.

            Respectfully submitted,

            Richard Bennett
            Florida Bar No.150627
            richardbennett27@gmail.com
            Peter Bennett
            Florida Bar No. 68219
            peterbennettlaw@gmail.com
            Bennett & Bennett
            1200 Anastasia Ave., Ofc 360
            Coral Gables, Florida 33134
            Tel: (305) 444-5925

            Shawn A. Heller, Esq.
            Florida Bar No. 46346

shawn@sjlawcollective.com
Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com
Social Justice Law Collective, PL
974 Howard Ave.
Dunedin FL 34698
Tel: (202) 709-5744


By:   *s/ Richard Bennett*
       Richard Bennett